UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TOMMY KIRTDOLL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04585-WTL-MPB |
| | ) | |
| LISA BERGESON, | ) | |
| MELISSA LAWRENCE, | ) | |
| TINA COLLINS, | ) | |
| SHANNON MAXY, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY GRANTING PARTIAL SUMMARY JUDGMENT**

The plaintiff in this civil rights action is Tommy Kirtdoll, an inmate at the Indiana Department of Correction's (IDOC) Correctional Industrial Facility (CIF) at Pendleton, Indiana. The defendants are health care professionals who, at the time of the incidents described in the complaint, were employed by Corizon, Inc. and Wexford Health to provide medical treatment to inmates at CIF. This matter is before the Court on the defendants' motion for summary judgment on the basis that the plaintiff failed to exhaust available administrative remedies before bringing this lawsuit as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

**I. Legal Standards**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there

is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party, and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

In accordance with Local Rule 56-1(f), the Court assumes that facts properly supported by the movant are admitted without controversy unless the nonmovant specifically disputes them. Therefore, a nonmovant who fails to respond to a motion for summary judgment effectively concedes that the movant's version of the facts is accurate. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

On a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006)

(footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

It is the defendants' burden to establish that the administrative process was available to Mr. Kirtdoll. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

**II. Scope of Motion**

A party must "identify[] each claim or defense" on which it seeks summary judgment. Fed. R. Civ. P. 56(a). Additionally, a party moving for summary judgment must specifically cite evidence that supports the facts asserted in its brief. S.D. Ind. Local Rule 56-1(e). "The court has no duty to search or consider any part of the record not specifically cited in" that manner. S.D. Ind. Local Rule 56-1(h).

Mr. Kirtdoll's complaint asserts claims that, beginning in March 2017, the defendants refused to properly treat two serious medical conditions—a knee condition causing serious pain, and internal bleeding evidenced by blood in his stool. *See* Dkt. No. 1 at 2; Dkt. No. 9 at 2. The defendants' motion for summary judgment addresses only his allegations related to knee pain. It

3

does not acknowledge Mr. Kirtdoll's allegations that he was denied treatment for internal bleeding, address the question of whether he exhausted claims related to that issue, or cite any evidence in support of factual allegations that he did not exhaust claims on that issue. Therefore, the Court must treat the defendants' motion as seeking summary judgment only on the knee-pain claims. By failing to seek summary judgment, the defendants have abandoned their exhaustion defense as to the internal-bleeding claims. *See* Dkt. No. 18.

### III. Facts

Mr. Kirtdoll has not responded to the defendants' motion for summary judgment, and the time to do so is long past. Accordingly, the defendants' properly supported factual assertions are undisputed. The following statement of facts reflects those undisputed facts in the light most favorable to Mr. Kirtdoll as the nonmovant.

The IDOC maintains an offender grievance process that allows inmates to seek administrative resolutions of issues regarding the conditions of their confinement, including issues related to their medical care. *See* Dkt. No. 24-1 ¶¶ 3, 6. As a matter of practice, inmates are provided with information about the grievance process upon their arrival at CIF. *Id.* at ¶ 6.

The grievance process consists of a three-step process. First, the inmate must seek to informally resolve the issue with an appropriate staff member. *Id.* at ¶ 7(a). Second, if the inmate is unable to achieve a satisfactory resolution informally, he must file a Level 1 formal grievance. *Id.* at § ¶ 7(b). Third, if the inmate is not satisfied with the resolution offered in response to the Level 1 formal grievance, he must file a Level 2 grievance appeal. *Id.* at ¶ 7(c).[1]

---

[1] The Court notes that this process is different from that described in the Offender Grievance Process filed by the defendants. *See* Dkt. No. 24-2 at § IV (describing four-step administrative remedy process). However, the defendants have asserted in their motion that Mr. Kirtdoll's claim was subject to a three-step administrative remedy process, *see* Dkt. No. 19 at 3–4, and they supported that assertion with a citation to sworn testimony by CIF's grievance specialist, *see* Dkt. No. 19-1 at ¶ 7, 24-1 at ¶ 7. Because Mr. Kirtdoll did not respond to the motion, this assertion is deemed admitted without controversy, *see* S.D. Ind. Local

The IDOC maintains records of inmates' grievances and logs them in a system known as "OGRE." Dkt. No. 24-1 at ¶ 9. A search of Mr. Kirtdoll's grievance history shows that he filed one Level 1 formal grievance concerning knee pain on August 30, 2017. *See id.* at ¶ 11; Dkt. No. 19-2 at 9. A response was issued on September 7, 2017. *See* Dkt. No. 24-2 at 11; Dkt. No. 19-2 at 6. The IDOC's records indicate that Mr. Kirtdoll never filed a Level 2 grievance appeal after receiving that response as required by the grievance process. *See* Dkt. No. 24-2 at ¶ 12; Dkt. No. 19-2 at 11.

### IV. Analysis

The undisputed facts, even viewed in the light most favorable to Mr. Kirtdoll, show that he did not exhaust his administrative remedies as to his complaints of knee pain as required by the IDOC's grievance process. The undisputed records presented by the defendants show that a three-step grievance process was available to Mr. Kirtdoll and that he completed at most two steps in that process. Because Mr. Kirtdoll never filed a second-level grievance appeal as to his knee condition, he did not exhaust all available administrative remedies.

The defendants have filed a document titled "Offender Grievance Program Grievance Appeal" concerning Mr. Kirtdoll's knee pain. Dkt. No. 19-2 at 24. However, this document is dated August 6, 2017. Accordingly, even if Mr. Kirtdoll actually filed this document, he could not have filed it after receiving a response to his Level 1 formal grievance (which was issued September 7, 2017) as required by the grievance process. Mr. Kirtdoll did not file a Level 2 grievance appeal in the time and manner required by the grievance process. *See Dale,* 376 F.3d at 655.

---

Rule 56-1(f)(1), and the Court accepts as fact that Mr. Kirtdoll's claims were subject to a three-step administrative remedy process.

## V. Conclusion

For the reasons set forth above, the defendants' motion for summary judgment, Dkt. No. 19, is **granted** as to Mr. Kirtdoll's claims regarding knee pain. Mr. Kirtdoll's claims that the defendants were deliberately indifferent to his serious medical condition involving internal bleeding shall remain active. The Court will issue a separate order directing further proceedings on the remaining claims.

**IT IS SO ORDERED.**

Date: 8/31/18

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

TOMMY KIRTDOLL
#207089
PENDLETON – CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Britney Jade McMahan
KATZ  KORIN CUNNINGHAM, P.C.
bmcmahan@kkclegal.com